# Cooper *v.* Gambill.

### *Unlawful Detainer.*

(Decided April 18, 1906.   40 So. Rep. 827.)

1. *Landlord and Tenant; Sale of Leased Property; Stipulations in Lease; Notice.*—Where the lease stipulated that the lessee should give possession of the leased premises within a reasonable time after sale of such premises, notice of sale and notice to quit was properly given by the purchaser, instead of original lessor.

2. *Same; Termination of Tenancy; Reasonable Notice.*—A notice given to the lessee by the purchaser on April 23, to vacate in 30 days, where the lease provided that possession should be given in a reasonable time after sale, and the purchaser accepts rent for the month of May, as a matter of law, June 1st, was a reasonable time, and the lease expired at that time.

[Cooper v. Gambill.]

3.  *Same; Evidence.*—The time in which lessee could procure a
house of like kind similarly situated on a lot of like dimen-
sions as the one leased, is not the test of what is a reason-
able time to vacate, and the admission of such evidence was
error.

4.  *Same; Unlawful Detainer; Parties; Vendor and Purchaser.*—The
purchaser could not bring unlawful detainer to oust a lessee
who refused to surrender the premises in accordance with the
provisions of his lease, within a reasonable time after notice
of a sale of such premises, and the suit was properly brought
by the lessor for the use of the purchaser.

APPEAL from Jefferson Circuit Court.
Heard before HON. A. A. COLEMAN.

Action of unlawful detainer by Cooper, for the use
of Leishman, against Gambill.  The facts are stated in
the opinion of the court.

W. K. BROWN and JAMES A. MITCHELL, for appellant.
The court erred in giving the general affirmative charge
for the defendant.—*McDevitt v. Lambert*, 80 Ala. 536.
The purchaser was the proper person to give the notice.
The lessor could not have done so.—18 A. & E. Ency. of
Law (2nd Ed.) 305; *Aydlett v. Pendleton*, 114 N. C. 1;
*Swope v. Hopkins*, 119 Ind. 125; *Reeder v. Sayre*, 70 N.
Y. 180; *McDaniel v. Callan*, 75 Ala. 327.

ALTMAN & ALTMAN, for appellee.—No brief came to
the reporter.

WEAKLEY, C. J.—This is an action of unlawful de-
tainer, in which appellee was defendant in the circuit
court.  In the lease, under which he held possession of
the property, he agreed with his lessor, H. D. Cooper,
that, in the event the latter sold the residence, posses-
sion would be given, if required, within a reasonable
length of time thereafter.  In a few months the lessor
sold the property to A. E. Leishman, for whose use this
action was brought; and notice of the purchase was com-
municated to the defendant, within a few days, by the
purchaser's agents, who at the same time requested him
to give possession within or before 30 days from the date
of the notice.  This notice was given on April 23, 1900.
The evidence shows, without conflict, that the defendant

on May 3, 1900, called upon said agents and offered to pay rent for one-third of the month of April and for all of the month of May. The rent for the period stated was accepted, but the agents insisted that the defendant must surrender possession by or before June 1; 1900, to which date the rent was paid. The lessor, Cooper, was absent from the state at the time of the sale, and did not, by any act of his, further than the making of the sale, undertake to terminate the lease. . The lease was transferred in writing to the purchaser who bought the property. On June 1, 1900, Cooper and Leishman, the purchaser, united in a joint written demand upon the defendant for the possession of the residence; and to this demand, the testimony, without conflict, shows that the defendant replied by saying "he was not going to get out of the house, that he was building a home of his own which would not be ready until the latter part of the summer or fall, and he was not going to move until his house was ready, and that it would take that long to get him out of the house by process of law, and he was going to take the risk of staying there any way." The defendant having refused to vacate, upon the demand of June 1st, the lessor, Cooper, preparatory to bringing this suit, made the written statutory demand for possession, which was likewise refused.

The agreement in the lease for a surrender of possession within a reasonable time, if required, upon the sale of the property, was inserted to enable the owner to more easily sell, if he wished to do so; and it was likewise for the benefit of the purchaser, giving him the option either to continue the lease and receive the rents as a return on his investment, or to have possession, either for his own use or that he might obtain an advanced rental. It was, after the sale, manifestly of no interest to the lessor whether the purchaser terminated the lease or not; and we think it was peculiarly the office of the purchaser to indicate to the lessee his purpose and desire to have possession of the premises, according to the stipulations in the lease; and he properly gave the notice to that effect.—*Aydlett v. Pendleton,* 114 N. C. 1, 18 S. E. 971; *Reeder v. Sayre,* 70 N. Y. 180, 188, 26 Am. Rep. 567; *People v. Rickert,* 8 Cow. (N. Y.) 226. We are of the opinion that, as a matter of law, the reasonable time

[Pritchard, *et al.* v. Fowler, *et al.*]

within which the defendant should have given possession had expired on June 1, 1900, since he was notified of the purchaser's insistence upon possession more than two months before that date.—*McDevitt v. Lambert*, 80 Ala. 536, 2 South. 438. If, however, the question was subject to proof, the undisputed evidence of real estate agents, familiar with local conditions, shows that he could have easily obtained another house within 30 days if he had made any effort to obtain one. The time within which he could procure a house of like kind and similarly situated on a lot of like dimensions was not the test, and the circuit court erred in allowing the witness Smith to testify that it would require any where from 45 to 60 days to secure such a house.

The action of unlawful detainer could not be maintained by the purchaser in his own name alone.—*Divine v. Brown*, 35 Ala. 596; *Harrison v. Middleton*, 11 Grat. (Va.) 527. It was entirely proper, however, for the lessor to institute the suit for the use of the purchaser, the real party in interest. The circuit court erred in giving the affirmative charge for the defendant. On the contrary, the plaintiff's written request for the affirmative charge, with hypothesis, should have been granted.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.