# Gambill *v.* Cooper.

## *Unlawful Detainer.*

(Decided April 16, 1908. Rehearing denied Feb. 5, 1909.
48 South. 691.)

1. *Appeal and Error; Decision on Appeal; Law of the Case.*—The ruling on former appeal that the cause was begun by the proper plaintiff is decisive of the question on a subsequent appeal.

2. *Same; Harmless Error; Admission of Evidence.*—Where there is other undisputed competent evidence of the same fact the admission of incompetent evidence as to that fact is harmless.

3. *Same; Presumption.*—Where the bill of exceptions does not purport to set out all the evidence in the case, in support of the court's action in giving the general charge, the presumption will be indulged on appeal that the evidence was undisputed.

4. *Landlord and Tenant; Unlawful Detainer by; Pleading.*—Although no provision is made in the statutory form for an averment as to the terms of the lease contract, if the form used complies substantially with the form required by form 27, Code 1896, the complaint will be sufficient, although the terms of the lease contract is set out therein.

5. *Landlord and Tenant; Unlawful Detainer; Damages; Rent Pending Appeal.*—Section 2146, Code 1896, provides for the recovery of rent pending an appeal in unlawful detainer cases, and hence evidence as to the rental value of the premises pending the appeal was admissible.

6. *Same; Demand; Notice; Sufficiency.*—Where the lease provided that if the premises should be sold during the term of the lease the lessee would give possession thereof after reasonable notice of the sale, a notice of such sale given more than forty days before a written demand for possession, is a reasonable notice under the lease.

7. *Pleading; Pleas in Abatement; Disallowance; Discretion.*—Where a term of court had been allowed to lapse after the disability arose and before the plea was offered, and the plea did not go to the merits of the case, but only to the disability of one of the parties, it was within the discretion of the court to refuse to allow it to be filed.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Unlawful detainer by H. D. Cooper, for the use of A. E. Leishman, against A. A. Gambill. From a judgment for plaintiff, defendant appeals. Affirmed.

[Gambill v. Cooper.]

The complaint was in the following language:

Count 1: "Plaintiff sues to recover possession of the following tract of land, to wit: (Here follows a description of the land)—of which he was in possession, and upon which, pending such possession, and before the commencement of this action, the defendant lawfully entered, on the demise of the plaintiff, for one year, namely, from the 1st day of October, 1899, to the 30th day of September, 1900. And the plaintiff avers that as a part of the consideration for said lease the defendant promised therein that, in case the said premises were sold during said term described above, he would give possession of said house and lot, after reasonable notice had been given of said sale and that possession of the said premises was wanted. And plaintiff further avers that he sold said premises during said term to A. E. Leishman, and that the said defendant was given such a notice more than 40 days before the bringing of this suit, and more than 40 days before written demand was made for the possession of the premises, which written demand the plaintiff hereby avers was made by the plaintiff in writing before the bringing of this suit and in accordance with the statute. The plaintiff further alleges that the defendant doth continue to unlawfully detain the said premises. The plaintiff further claims $100 for the detention of said premises."

Count 2: Same as 1, down to and including the words "of September, 1900," where they occur in said first count, with the following addition: "With the condition which was written in and made a part of the lease or contract of demise between the plaintiff and the defendant that the defendant, in the event the plaintiff sold the said premises, was to give possession of the same, if required to do so, within a reasonable time thereafter. And plaintiff avers that he did sell said premises during

said term, on, to wit, April 20, 1900, to said A. E. Leish-
man, of which sale the defendant was duly notified and
informed, and the defendant was duly notified and re-
quired to give possession of said premises in accordance
with the terms of the said lease contract; but the de-
fendant failed and refused to give possession of said
premises within a reasonable length of time thereafter.
And the plaintiff further avers that the defendant, after
the termination as aforesaid of his possessory interest in
and to the premises, and after the plaintiff's demand in
writing therefor, which was duly made before the bring-
ing of this suit, has unlawfully detained the said above-
described premises at and before the time of the com-
mencement of this suit, and did unlawfully detain the
same for a long time thereafter. Plaintiff avers that he
claims the sum of $100 for the detention of said premises,
and as a penalty for damage of holding over."

Demurrers were interposed as follows: To the com-
plaint as a whole: "(1) That the aggregate amount
claimed in the several counts thereof exceeds $100, and
therefore exceeds the jurisdiction of the justice of the
peace, before whom the suit originated. (2) For that
this suit is not properly brought in the name of a nomi-
nal plaintiff, and may not be brought in the name of one
party for the use of another. (3) No sufficient cause
therein is shown why a recovery should be had for the
use of Leishman." To the first count of the complaint as
follows: (1) For that it does not sufficiently show the
termination of defendant's possessory interest in the
premises sued for before demand for the possession of
same was made. (2) It does not sufficiently appear
therefrom that plaintiff was entitled to the possession
of said premises at the time the suit was instituted. (3)
For that it does not sufficiently appear therefrom that
the plaintiff demanded in writing the possession of the

said premises by the defendant. (4) For that, after a sale of said premises, the demand for possession thereof should have been made by the purchaser." The same grounds were interposed to count 2.

The record shows that defendant tendered in court and asked permission and moved the court for leave to file the following plea: "The defendant, for plea to the complaint, says that on, to wit, the 18th day of October, 1906, said A. E. Leishman was duly adjudged a bankrupt by the District of the United States for the Southern Division of the Northern District of Alabama, which had jurisdiction of the subject-matter and the parties to said proceedings. Wherefore the defendant says that this suit ought to abate." This plea was sworn to.

The substance of the lease is as set out in the complaint, and its execution was proven.

Motion was made to suppress the deposition of Leishman on the following grounds: "(1) The residence of the said witness is not given with the particularity required by law. (2) The residence of said commissioner is not given with the particularity required by law. (3) The defendant has not been notified of the residence of said witness, nor of the residence of said commissioner, with the particularity required by law, and has not been notified at what point in Jefferson county said witness resides, nor at what point in the city of Charlotte said commissioner resides."

The record shows that the notice served on the defendant for the taking of said deosition, and the affidavit on which same was taken, showed nothing as to the residence of the commissioner and the witness, other than that the witness resided in Jefferson county, Ala., and was temporarily in North Carolina, and would not return to Alabama before the trial, and that the commissioner, Yeager, resided in Charlotte, N. C., and that

within the time allowed for filing cross-interrogatories the defendant had filed written objections to the taking of the deposition and the appointment of said Yeager as commissioner, and notice that he would move to suppress the same at the trial on the grounds set out above.

GEORGE HUDDLESTON, and JOHN W. ALTMAN, for appellant. Each count of the complaint is considered as a statement of a different cause of action.—*Bryant v. Southern Railway Co.*, 137 Ala. 491; *Childress v. Mann*, 33 Ala. 206. A notice necessary to terminate a periodical tenancy must specify the time of its termination. A general notice to quit, indicating no time, is insufficient. The notice must terminate the tenancy at some time when it is terminable, that is at the end of some period. A tenant cannot be required to quit at some intermediate date.—*McDevitt v. Lambert*, 80 Ala. 536; Taylor's Landlord & Tenant, Sec. 476, 477, (9th Ed.); 18 A. & E. En. Cyc. Law, 205 (2nd Ed.); *Steward v. Harding*, 2 Gray 335; *Ayres v. Draper*, 11 Mo. 548. To support unlawful detainer, the demand for possession must be made after the termination of the tenant's possessory interest. A demand cannot be made when the tenant is in rightful possession.—*McDevitt v. Lambert*, 80 Ala. 536; Code Sec. 2127. Form of Complaint 27, Code p. 948. A notice to terminate a periodical tenancy must be given for a time equal to the interval between the times of the payment of rent. When the rent is payable quarterly there must be a quarter's notice, when payable monthly a month's notice, etc. The court cannot judicially determine that in this case the periodical tenancy was terminable by thirty days notice.—*McDevitt v. Lambert*, 80 Ala. 536; *Cooper v. Gambill*, 146 Ala. 184; Taylor's Landlord & Tenant, Sec. 475 (9th Ed). Where a lease

stipulates that the lease is terminable in case of a sale, the election to terminate is for the benefit of the purchaser and must be exercised by him.—*Cooper v. Gambill*, 146 Ala. 184. In a tenancy terminable by the sale of the premises, demand for possession must be made by the purchaser to sustain unlawful detainer.—*Cooper v. Gambill*, 146 Ala. 184. The bankruptcy of a plaintiff pending a suit may be pleaded as a bar to its further prosecution.—*Lacy Terrell & Co. v. Rockett*, 11 Ala. 1002; *Davis v. Davis*, 93 Ala. 173; 4 Mayfield Dig. 475 et seq.; Collier on Bankruptcy, 548 et seq. (2d Ed..); Bankruptcy Law of 1898, Secs. 110 and 78. Deeds are not self-proving where acknowledged before a foreign notary unless the acknowledgmest is certified under his official seal.—*Carhart v. Clark*, 31 Ala. 396; *Hart v. Ross*, 57 Ala. 518; *Goree v. Wadsworth*, 91 Ala. 416; Code Sec. 994. A motion for judgment on a supersedeas bond given in unlawful detainer for appeal to the Circuit Court should be made independently of the trial of the unlawful detainer suit, should be in writing and should tender some issue. Evidence of the rental value of the premises pending the suit is irrelevant in the unlawful detainer suit.—Code Sec. 2146. Notice of the filing of interrogatories should specify the residence of the witness and proposed commissioner with sufficient accuracy as that by a reasonable effort they can be located and identified.—Code Section 1835.

BROWN & MURPHY, and JAMES A. MITCHELL, for appellee. Each count of the complaint stated a cause of action and the demurrer to the whole complaint was properly overruled.—24 Cyc. 465, et seq. The suit was properly brought by Cooper for the use of Leshman.—*Cooper v. Gambill* 146 Ala. 184; *Dwyne v. Brown*, 35 Ala. 596. The demurrer to each count was properly

[Gambill v. Cooper.]

overruled.—*Cooper v. Gambill, supra.* It was within the discretion of the court to permit the plea to be filed. —*Beck v. Glenn,* 69 Ala. 126. Besides, the plea was frivolous.—Sec. 11, Bankruptcy Act. It was proper to show the rental value of the property.—Sec. 2146, Code 1896; *Giddens v. Bolling,* 92 Ala. 586. Since the bill of exceptions does not show that it contains all the evidence, the presumption is indulged that there was evidence supporting the affirmative charge.—*Clardy v. Walker,* 132 Ala. 264; *Sanders v. Steen,* 128 Ala. 633. The court properly rendered judgment against the defendant and sureties on the supersedeas bond for the rent accruing, pending the appeal.—*Gidden v. Bolding, supra; Lykes v. Schwartz,* 91 Ala. 461; *Waite v. Ward,* 93 Ala. 271.

DOWDELL, J.—This is an action of unlawful detainer, commenced in the justice court and carried by appeal from that court into the circuit court. In the circuit court the plaintiff obtained a judgment, from which the defendant appeals to this court.

This is the second appeal in this case to this court.— *Cooper v. Gambill,* 146 Ala. 184, 40 South. 827. On the present appeal there are 18 assignments of error on the record. Of these the fifth, seventh, eleventh, and twelfth assignments are expressly abandoned by the appellant.

The first, second, and third assignments of error go to the trial court's ruling on the demurrers to the complaint. When the case was here on former appeal, it was then decided by this court, that the suit was properly instituted in the name of Cooper. And we may here say that the words "for the use," etc., may be regarded as surplusage, and there is therefore no merit in the ground of demurrer again raising this question.—*Reese v. Reaves,* 131 Ala. 195, 31 South. 447, and cases there cited.

We were at first of the opinion that the complaint was subject to the demurrer interposed by the defendant, but upon more mature consideration we have reached a different conclusion. While the terms of the lease contract are averred in each of the counts of the complaint, yet each of said counts in its averments is in substantial compliance with the form given in the Code for unlawful detainer suit.—Code 1896, p. 948, form 27. The demurrers to the complaint were, therefore, properly overruled.

The plea offered to be filed by the defendant at the time of the trial, and which was disallowed by the court, we think, under the circumstances, was a matter addressed to the discretion of the court. If the plea be considered as sufficient in its averments to constitute a good plea, it only went to the personal disability of Leishman, for whose use the suit was brought, arising after suit commenced, and in the nature of a plea in abatement. It did not go to the merits of the suit, and, if allowed, the suit could have continued for the use and benefit of the trustee in bankruptcy. Moreover, a term of the court had been allowed to pass after the disability arose before the plea was offered, and then not until after the trial was reached, late in another term of the court. As stated above, we think, under the facts, it was a matter addressed to the discretion of the court.

If there was error in admitting in evidence the deed from A. Cooper and Clara W. Cooper to Leishman, it was harmless, as there was other evidence, which was undisputed, of a sale by the plaintiff.

The motion to suppress the deposition of Leishman on the ground stated was without merit, and properly overruled.

It was permissible to show the rental value of the leased property pending the appeal, and to have recovery of

the same on plaintiff's motion.—Code 1896, § 2146; *Giddens v. Bolling*, 92 Ala. 586, 9 South. 274.

The evidence showed that notice of the sale and a requirement of the possession of the property under the terms of the lease contract was given the defendant for at least 40 days before the demand in writing for possession was made. Forty days was, in law, a reasonably time given the defendant to quit, and was sufficient to terminate his possessory interest under the lease. The evidence also showed a demand in writing for possession before suit. The court was justified, under the evidence, in giving the general charge requested by the plaintiff; and, since the bill of exceptions does not purport to set out all of the evidence in the case, it will be presumed, in support of the court's action that the evidence was undisputed.

We find no reversible error in the record, and the judgment will be affirmed.

Affirmed.

TYSON, C. J., and SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.