# Southern Railway Company
# *v.* Stonewall Ins. Co.

*Destruction of Goods by Fire.*

(Decided Nov. 18, 1909. 50 South. 940.)

1. *Insurance; Subrogation of Insurance Company.*—An insurance company who pays the insured for property tortiously destroyed by a third party becomes subrogated to the rights of such insured as against the third party and may sue in its own name or in the name of the insured for its use.

2. *Parties; Defect; Waiver.*—Where property has been tortiously destroyed by third party and an insurance company has paid the insured the value of the property and sues the third person in its own name instead of in the name of the insured for its use, the defect is amendable but must be taken advantage of before verdict.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by the Stonewall Insurance Company against the Southern Railway Company, for the destruction of property by fire, insured with such company and for which it had paid the insured. Judgment for plaintiff for one cent, and on motion, new trial was granted, from which order defendant appeals. Affirmed.

BESTOR, BESTOR & YOUNG, for appellant.—The wrong complained of was in tort, and under the common law such a chose in action was not assignable, certainly, not to the extent that suit could be maintained thereon by the assignee in his own name.—2 A. & E. Ency. of Law, 1014, 1020-1094; 28 Id. 253; 4 Cyc. 92; *P. & M. Bank v. Willis,* 5 Ala. 783; *Carville v. Reynolds,* 9 Ala. 969; *Goodwin v. Lloyd,* 8 S. & P. 237. While it may be true that the insurance company is subrogated to the rights of the insured, the claim is an equitable one and cannot be enforced in law in the name of the insurance company.—*Hall v. Nash. Ry. Co.,* 13 Wall. 367; *Hart v. Western Ry.,* 13 Met. 99; *Gayles v. Hailman,* 11 Pa. St. 515; 27 A. & E. Ency. of Law, 264. Counsel insist that the common law doctrine above stated is not changed by the statute in this case, and that sections 2489, 2490. 5158 and 5159, have no application. Counsel insist that if section 5159 is applicable that the same is unconstitutional and void.—*S. & N. Ry. Co. v. Morris,* 65 Ala. 198; *Missouri v. Lewis,* 1 Ott. 22; *Smith v. L. & N.,* 75 Ala. 451; *Mayor v. Stonewall Ins. Co.,* 53 Ala. 570; *Greene v. The State,* 73 Ala. 26.

JOEL GOLDSBY, and GREGORY L. & H. T. SMITH, for appellee.—The claim here presented is assignable regardless of the statute.—*Chicago R. R. Co. v. Packard,* 59 Miss. 280; *Bynder v. R. R. Co.,* 129 A. & E. R. R. cases, 237; *Lehman v. Dester,* 70 N. W. 170. Counsel proceed to discuss the cases cited by appellant and conclude that the statute is not unconstitutional. They insist that even granting that the new statute is unconstitutional and that the assignee could not sue in its own name, yet that question should have been raised by demurrer or special plea and cannot be raised on a motion to grant a new trial.—*L. & N. v. Trammel,* 95 Ala. 330; *Davis v. Miller,* 109 Ala. 589. They further insist that the defect was amendable if a defect.

MAYFIELD, J.—This was an action by the appellee insurance company against appellant (defendant) railroad company to recover damages for the destruction of a warehouse and a lot of cotton alleged to have been ignited by fire emitted from defendant's locomotive. The property destroyed was insured by appellee to various owners, against loss by fire. After the loss the insurance company paid the losses to the insured, in accordance with its contracts, taking assignment and transfer of their respective claims, and thereupon sued appellant, in its own name, for negligently causing the loss by fire. The defendant demurred to the complaint, but its demurrers were stricken from the file, on plaintiff's motion, because not filed within time. Trial was had, which resulted in a verdict for plaintiff for one cent. This verdict and judgment was set aside, on plaintiff's motion and a new trial awarded. From the judgment and order setting aside the verdict and awarding a new trial, defendant appeals.

It is insisted that the order setting aside the verdict was error, for that the plaintiff could not maintain the

action; that the statute (section 5159 of the Code of 1907) which authorizes the transfer and assignment of claims against railroad companies and suits thereon in the names of the successive assignees, is unconstitutional and void, because a discrimination against railroad companies. It is unnecessary to decide this question on this appeal, for the reason that, without any statute, the insurance company, on paying the insurance for the property insured and alleged to have been tortiously destroyed by the railroad company, would be subrogated to the rights of the insured or owners of the property, against the railroad company, if any there were, to make good its loss, and could certainly sue in its own name, or in the name of the insured, for its use. The insurance company, in either case, would be the real party plaintiff; and if it should be conceded that the action should have been in the names of the insured, for the use of the insurance company, this would be an amendable defect, and would have to be taken advantage of before verdict. This was not done, however, though it appears that the defendant attempted to do so, but was not within time.—*Home Co. v. Oregon Co.*, 20 Or. 569, 26 Pac. 857, s. c. 23 Am. St. Rep. 151; *Conn. Co. v. Erie Co.*, 73 N. Y. 399, s. c. 29 Am. Rep. 171; *Phoenix Co. v. Penn. R. R. Co.*, 134 Ind. 215, 33 N. E. 970, 20 L. R. A. 405; *Johnston v. Martin*, 54 Ala. 271; *Lucas v. Pittman*, 94 Ala. 616, 10 South. 603; *American Union Tel. Co. v. Daughtery*, 89 Ala. 191, 7 South. 660; *Dougherty v. Powe*, 127 Ala. 581, 30 South. 524.

We see no reason for disturbing the order or judgment of the trial court in awarding a new trial, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J. and SIMPSON and McCLELLAN, JJ., concur.