(79 South. 7)

WYKER v. TEXAS CO.   (8 Div. 116.)

(Supreme Court of Alabama.   May 9, 1918.)

1. INSURANCE ⊕⟶606(4) — SUBROGATION — RIGHT OF ACTION FOR DAMAGES.

Where an automobile is damaged and an insurance company partially reimburses owner for loss suffered, owner, who subrogates insurer to his rights against company responsible for damage to the amount of such reimbursement, does not, by such subrogation, assign his right of action for damages, and can sue therefor in his own name.

2. NEGLIGENCE ⊕⟶136(14) — SUBMISSION OF QUESTION OF NEGLIGENCE TO JURY.

In an action for damages to automobile on defendant's premises, caused by collision with defendant's wagon, evidence held sufficient to justify submission to jury of question of defendant's negligence.

Sayre, J., dissenting.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Action by John W. Wyker against the Texas Company. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

Suit by appellant against appellee to recover damages in the sum of $500, resulting from a collision of plaintiff's automobile with a team of the defendant company. The collision, it is alleged, was caused by the negligent conduct of the agent or servant of the defendant, acting within the line and scope of his employment, in and about the management, charge, or control of said team of mules.

Plaintiff's testimony tended to show that, at the time of the accident, he had owned for only a few days the Cadillac car, which was damaged. That he went to defendant's place of business, where it was engaged in the sale of gasoline and oil to the public, for the purpose of supplying his car with gasoline. As he was about to leave defendant's place of business, after securing the supply, the team of the defendant company (two mules attached to a wagon) was standing next to the platform of the plant, to the left of plaintiff, going out. That defendant stopped his car as he neared the wagon, and asked the driver of the team, who was standing on the platform, as to passing the team, and the driver replied, "Come on; they won't move." Thereupon plaintiff drove ahead and just as he got beside the team, the mules whirled the tongue of the wagon and hit the side of the car, causing the damages enumerated in the testimony, which we deem unnecessary to here set out. Plaintiff states that it was necessary for him to pass this team in order to get out from defendant' place of business. The driver was not in the wagon at the time, but was standing on the platform, about four or five feet from the team, and did not have the lines in his hand, and, so far as plaintiff knows, made no effort to get hold of the team. Plaintiff further testified that his car before the accident was worth $2,150, and immediately afterwards its reasonable value was $1,650, and that he was damaged in the sum of $500.

Upon cross-examination of this witness, he was asked, over the objection of the plaintiff, if he had not been paid a sum of money for damages done to the car; and if the insurance company, in consideration thereof, had not obtained his rights to recover the damages against the Texas Company. The defendant then offered in evidence a release signed by the plaintiff to the Ætna Accident & Liability Company, in words and figures as follows:

"In consideration of two hundred dollars, to me paid by the Ætna Accident & Liability Company, the receipt whereof is hereby acknowledged, I hereby release and forever discharge the said company from all liability under policy No. GA–61629, for or on account of loss or damage to the automobiles described in the above policy (including their machinery or equipment), which occurred on or about the 9th day of April, 1915, at Decatur, Alabama.

"In consideration of the payment of this sum, I hereby subrogate the said Ætna Accident & Liability Company, to the amount of such payment, to all rights of recovery for such loss or expense against the persons, firms, corporations or estates, which have caused or contributed to said losses; and I hereby further agree, upon demand, to execute all documents required of me, and to co-operate with said company in prosecuting all actions to effect such recovery."

Plaintiff objected to the introduction of this release upon the ground that the same is illegal, irrelevant, and immaterial, and that the matters set up therein are res inter alios acta, and matters in which the defendant is not interested. The court overruled the objection, and plaintiff reserved exception thereto.

The court gave the affirmative charge at the defendant's request, resulting in a verdict and judgment for the defendant, from which plaintiff prosecutes this appeal.

Eyster & Eyster, of Albany, for appellant. Callahan & Harris, of Decatur, for appellee.

GARDNER, J. It appears from the foregoing statement of the case, the plaintiff claimed damages in the sum of $500, as a result of a collision of his car with the team of the defendant company; and plaintiff insisted in his testimony that his car was damaged in said sum. Upon cross-examination, over the plaintiff's objection, defendant introduced a release executed by the plaintiff to the Ætna Accident & Liability Company, releasing and discharging said company from all liability under the policy of insurance on said car, for the damages which occurred on this occasion. This release was in consideration of the sum of $200, and further stipulated that the insurance company was subrogated to the amount of such payment to the right of recovery of

the plaintiff for such loss or expense against the persons who caused or contributed to said loss. The rights of subrogation therefore, as set forth in said release, are limited to the amount of the payment of $200. Said release is here construed as merely subrogating the insurance company for recovery of the limited sum so expended by it, and not as a transfer of the plaintiff's right of action for the damages suffered.

In the case of B. R. L. & P. Co. v. Ætna A. & L. Co., 184 Ala. 601, 64 South. 44, the action was originally brought in the name of the insurance company, the company having paid in full the damages suffered by the owner of the automobile. It therefore appeared that the insurance company was the only party who had suffered any loss. As to whether or not the cause of action could have been prosecuted under these circumstances by the insurance company in its own name was mooted, but not decided. It was there held that, as a matter of course, the company had the right to amend the complaint by adding as the nominal plaintiff the name of the owner of the car, and proceed with the cause as thus amended in the name of the owner for the use of the company.

In the case of Coffman v. L. & N. R. R. Co., 184 Ala. 474, 63 South. 527, was presented a situation somewhat analogous to that here under consideration, in that the amount of insurance paid the owner did not equal the value of the property damaged, and therefore did not cover the full loss to the owner. It was there held that when property which is insured against loss by fire is burned through the actionable wrong of another, the insured and insurer are, in contemplation of law, in so far as the loss is concerned, one person, and that· the insured may, for his own benefit and for the benefit of the insurer, sue the wrongdoer for the loss caused by the wrong. In that case it was also stated that the subrogation agreement, similar to that here involved, had no bearing upon the issues in the cause, and was of no value as evidence.

In A. G. S. R. R. Co. v. Altman, 191 Ala. 429, 67 South. 589, in discussing the status of nominal and beneficial plaintiffs, the court said:

"In all such cases the rights and status of the equitable, beneficial, or use plaintiff are fixed by the rights and status of the nominal plaintiff; the nominal and use plaintiffs, in such cases, being regarded as one person."

In Sou. Garage Co. v. Brown, 187 Ala. 484, 65 South. 400, it was said that the only effect of bringing the suit to the use of the insurance company was to declare a use for the company, and operated merely as an estoppel on the part of the plaintiff to deny, as against the company, its rights to the proceeds.

In the case of Long v. K. C., M. & B. R.

R. Co., 170 Ala. 635, 54 South. 62, it was held that the question as to who will be entitled to the proceeds of the recovery, the insurer or the insured, is a matter between them, and constitutes no defense in an action of damages against the wrongdoer.

In Sou. Ry. Co. v. Blunt & Ward (C. C.) 165 Fed. 258, in discussing the question in whose name the cause of action should be brought in cases of this character, where the owner was reimbursed by the insurance company only partially for the loss sustained, it was said:

"If from the pleadings it appeared that the Transportation Mutual Insurance Company had paid to the plaintiff only a part of the loss, they would be jointly interested in the recovery from the indemnitors, Blunt & Ward, and the plaintiff could maintain the action in its own name and recover the full amount of the loss. As to the amount paid by the insurance company, it would become a trustee for said company. If the insurance company had paid· the plaintiff all of the loss, then this suit should be by the insurance company alone in the name of the railway company as the nominal plaintiff for the use of the insurance company. If only a part of the loss had been paid by the insurer, the insured would be entitled to the residue; and how the money recovered is ·to be divided between them is a question whch interests them alone, and in which the defendants are not concerned."

The question was again discussed in Webb v. Sou. Ry. Co. (D. C.) 235 Fed. 578, where several authorities are collated.

[1] The exact question here presented does not seem to have been previously determined by this court, but we are of the opinion that the logic of our cases, as above cited, as well as those noted in the authorities of other jurisdictions, sustain the view that, in a case of this character, where the owner has been reimbursed by the insurance company only partially for the loss suffered, and the latter thereby subrogated to the rights of the owner only to the extent of the payment of such partial loss, the right of action is in the owner, and he may maintain the suit in his own name; and that the question of the distribution of the proceeds of recovery in such cases is a matter concerning only the owner and the insurance company, and with which the wrongdoer is not concerned.

The release here offered in evidence was introduced for the evident purpose of disclosing that the plaintiff had entirely parted with his right of action, and that he could not therefore maintain the suit. The record shows that this was the view accepted by the trial court. What we have herein stated is sufficient to disclose our opinion that this release was inadmissible for such purpose —and what is here said on this question is confined to that particular purpose—and the objection thereto should have been sustained.

[2] We are also of the opinion that the

evidence was sufficient for submission to the jury upon the question of negligence as alleged in the complaint, and that the court committed error in giving the affirmative charge for the defendant.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

SAYRE, J., dissents.