(95 South. 16)

## WHALEY v. WYNN.  (6 Div. 507.)

(Supreme Court of Alabama.   Oct. 26, 1922.)

**1. Forcible entry and detainer** 9(2, 8) — **Plaintiff must show possession prior to inception of defendant's wrongful possession; possession by tenant sufficient.**

Plaintiff must show prior possession in himself, but only a possession prior to the inception of the wrongful possession by defendant, that is, prior to the beginning of the unlawful detainer, and proof of possession by tenant is sufficient.

**2. Landlord and tenant** 65, 291(4) — **Tenant estopped to deny lessor's right to recover premises.**

Where lease was made in the name of the owner's agent, by acceptance thereof and occupation thereunder, tenant was estopped from denying the right of the agent to recover the premises on expiration of the term, and agent properly maintained action of unlawful detainer in her own name.

**3. Pleading** 35 — **"For use of owner" in agent's action surplusage.**

Where lease was made by the owner's agent in her own name, in action of unlawful detainer by agent "for the use of" owner, the phrase "for the use of" was surplusage and did not render complaint demurrable.

**4. Landlord and tenant** 291(1) — **Statutory demand for possession made by plaintiff.**

In forcible detainer where agent of the owner was actual plaintiff, it was necessary that statutory demand for possession should be given by plaintiff or in her name by some one duly authorized.

**5. Landlord and tenant** 291(12) — **Writing showing agent's authority to demand possession properly received in evidence.**

Where the owner of property in writing authorized an attorney to do all things necessary to recover its possession and take such action, as might be necessary to recover it and use her name in the same, demand having been made by the attorney, receiving the writing in evidence was proper.

**6. Trial** 75 — **Objection to receiving evidence previously admitted held without prejudice.**

Where, in unlawful detainer, there was no objection made to the introduction of a writing authorizing plaintiff's attorney to do all things necessary to recover possession of the property, overruling objection when writing was offered a second time was without prejudice, since it was already in evidence without objection and defendant had no right to have it excluded.

**7. Frauds, statute of** 116(5) — **Renewal lease for a year executed by agents without written authority held not binding where repudiated and no rent accepted by lessor.**

A renewal lease for a year from October 1, 1920, executed by agents in the previous July without written authority, being a contract not to be performed within a year from the date of its making, was not binding on les-

sor because not subscribed by her or by some person by her thereunto lawfully authorized in writing as required by Code 1907, § 4289, and being expressly repudiated by her before the beginning of the term and not removed from the ban of the statute by acceptance of rent paid by lessee either before or after the beginning of its term, his detention of the premises after the end of the previous term was unlawful.

Appeal from Circuit Court, Jefferson County;  J. B. Aird, Judge.

Action of unlawful detainer by Maude Wynn, for the use of Mary Lowe. against R. E. Whaley.   Judgment for plaintiff, and defendant appeals.   Affirmed.

The defendant occupied the premises in suit, as lessee under a written lease executed in the name of "Mrs. Maude Wynn, by Smith Cullom, R. E. & I. Co., Agents," from October 1, 1919, to October 1, 1920.   The owner of the property was and is Mrs. Mary C. Lowe, who, being then a nonresident, placed it in the charge of the said Mrs. Wynn, who was authorized to rent it.   Mrs. Wynn placed it in the hands of the said Smith Cullom Company, real estate agents, for that purpose, and said agents, assuming that Mrs. Wynn was to be the lessor, executed the lease in her name, as aforesaid, and paid over to her the rents collected by them, and Mrs. Wynn in turn accounted to Mrs. Lowe, the owner.

On July 24, 1920, the Smith Cullom Company executed to defendant,· as lessee, a renewal lease to run from October 1, 1920, to October 1, 1921.   This lease was also executed in the name of Mrs. Maude Wynn, by the Smith Cullom Company, as agents, but without any written authority from either Mrs. Wynn or Mrs. Lowe.   Whether or not the Smith Cullom Company had authority to execute the lease of July 24, 1920, as framed, was a disputed question under the evidence.

On being informed by said agents of the execution of that lease, Mrs. Lowe repudiated it, within a few days thereafter; and through her attorneys, Wood & Pritchard, she notified the defendant lessee, on August 4, 1920, that the purported lease was invalid and of no effect, and demanded its return.

Plaintiff introduced in evidence, without objection from defendant, the following writing showing employment and authority of her attorneys, Wood & Pritchard:

"B'ham, Ala., Oct. 4, 1920.

"Messrs. Wood & Pritchard, Attys., Birmingham, Alabama—Dear Sirs:   Claim against R. E. Whaley.   In the matter of my claim against R. E. Whaley, for my house and the rent due for the same No. 1301 South Seventeenth street, in the city of Birmingham, this letter is to authorize you to take all necessary legal proceedings, at law or in equity, to regain the possession of my property.   For this purpose either member of your firm will sign my name

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to all necessary papers, and do whatever is necessary to the above end.

"You have the lease for the past year made out in the name of my sister in error. You will please call upon me for such other papers as you are in need of.

"Yours truly,          Mrs. Mary C. Lowe.

"The undersigned is aware of the fact set forth in the foregoing, and authorizes such action at law or equity as may be necessary to recover the said property, and the use of her name in the same.

"Yours truly,          Mrs. Maude Wynn."

Plaintiff also offered in evidence a written notice to defendant that his possessory interest had terminated on September 30, 1920, including a demand for possession of the premises, which was dated October 5, 1920, and signed "Mrs. Maude Wynn, for the Use of Mrs. Mary C. Lowe, by Sterling A. Wood, Her Agent and Attorney." This was admitted over defendant's objection on various grounds.

Defendant offered in evidence the written lease executed on July 24, 1920, above referred to, which was excluded on plaintiff's objection.

On the evidence before the court the trial judge gave for plaintiff the general affirmative charge with hypothesis, and there were verdict·and judgment for plaintiff.

Metz & Griffith and Erle Pettus, all of Birmingham, for appellant.

Unlawful detainer is a statutory action growing out of the relation of landlord and tenant, and is not maintainable unless plaintiff has had prior possession; the title not being properly in issue. Code 1907, § 4263; 190 Ala. 619, 67 South. 465. There is no authority under the statute for bringing an action of this character in the name of a nominal plaintiff for the use of another. 72 Ala. 160; 77 Ala. 164; 131 Ala. 196, 31 South. 447; 134 Ala. 623, 33 South. 9, 92 Am. St. Rep. 45; 179 Ala. 619, 60 South. 917. In a statutory action of unlawful detainer strict compliance must be had in reference to the giving of notices to terminate the tenancy. Code 1907, § 4263; 155 Ala. 350, 46 South. 776; 177 Ala. 137, 59 South. 60. It was a question for the jury whether or not the signature to the lease was authorized, or the authority of the agent who executed the lease was subsequently ratified. 157 Ala. 473, 47 South. 722; 98 Ala. 479, 13 South. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82. The merits of the title to the property could not be inquired into in an action of this character. Code 1907, § 4271; 190 Ala. 619, 67 South. 465. One who by his conduct has justified the belief of a third party that the person assuming to be his agent was authorized to do what was done is estopped from denying such authority. 94 Ala. 346, 10 South. 304; 81 Ala. 153, 1 South. 647, 60 Am. Rep. 142; 68 Ala. 409; 119 Ala. 219,

24 South. 760; 182 Ala. 181, 62 South. 732; 7 Am. & Eng. Enc. Law, 18; 2 Herm. Estop. § 953.

Wood & Pritchard, of Birmingham, for appellee.

If the lease be made in the name of some person other than the real party in interest, it is entirely proper for the lessor to institute the suit for the use of the real party in interest. 4 Port. 230; 146 Ala. 184, 40 South. 827; 157 Ala. 493, 47 South. 1027. A deed is admissible in evidence in an unlawful detainer suit for the purpose of identifying the subject-matter. 142 Ala. 609, 38 South. 662; 198 Ala. 563, 73 South. 922. When the demand for possession is made by the agent or attorney of the landlord, his authority to sign the same must be shown. 142 Ala. 609, 38 South. 662. A contract for rent of premises for the term of one year to commence at a future day is void under the statute of frauds unless subscribed by the party to be charged therewith or by some other person by him lawfully authorized. Code 1907, § 4289; 185 Ala. 275, 64 South. 74; 99 Ala. 218, 13 South. 382; 111 Ala. 269, 20 South. 77. There is no estoppel against setting up the statute of frauds. 93 Ala. 483, 9 South. 621; 135 Ala. 630, 34 South. 31, 62 L. R. A. 551, 93 Am. St. Rep. 49; 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116; 85 Ala. 250, 4 South. 777.

SOMERVILLE, J. In this action—unlawful detainer—the question is merely as to the right of possession between the parties to the record, regardless of whether the plaintiff, or the defendant, or a third person, has the superior claim to the ownership of the property. Nicrosi v. Phillipi, 91 Ala. 299, 8 South. 561.

[1] The general rule is that the plaintiff must show prior possession in himself, but this means only a possession prior to the inception of the wrongful possession of the defendant—i. e., prior to the beginning of the unlawful detainer. And, "so long as the tenant holds under his lease, his actual possession is the actual possession of the landlord· and proof of this actual possession, through and by his tenant, prior to and continuing to the time of the beginning of the unlawful detainer, fully meets the requirements of the doctrine under consideration." Nicrosi v. Phillipi, supra; Beck v. Glenn, 69 Ala. 121.

[2, 3] In this case the lease was made in the name of the owner's agent, Mrs. Wynn. By his acceptance of such a lease and occupation of the premises thereunder, the tenant is effectually estopped to deny the right of Mrs. Wynn to recover the premises upon the expiration of his term, and Mrs. Wynn may properly maintain the action in her own name. Hinckley v. Guyon 172 Mass. 412, 52 N. E. 523; 34 Cyc. 1413, c. The action is

brought by Mrs. Wynn, for the use of Mrs. Mary C. Lowe, but Mrs. Wynn is the real party plaintiff, and the phrase "for the use of Mrs. Mary C. Lowe" may be treated as surplusage, and is without significance so far as the defendant is concerned. Gambill v. Cooper, 159 Ala. 637, 48 South. 691. But there is no impropriety in such a use of the phrase, and it does not render the complaint demurrable. Cooper v. Gambill, 146 Ala. 184, 40 South. 827.

[4, 5] Mrs. Wynn being the actual plaintiff, it was necessary that the statutory demand for possession should be given by her, or in her name by some one duly authorized thereto. Kennedy v. Hitchcock, 4 Port. 230. The bill of exceptions shows that this demand was made in the name of Mrs. Wynn, by Sterling A. Wood, as agent and attorney; and it shows also that Wood was employed by Mrs. Lowe to do all things necessary to recover the possession of the property, and that he was authorized by Mrs. Wynn in writing to take "such action at law or equity as may be necessary to recover said property, and the use of her name in the same."

It was not only proper to show the employment and authority of Wood to do the things he did, but it was necessary to the plaintiff's case, and the trial court properly received the writing offered in evidence thereof. Barnewell v. Stephens, 142 Ala. 609, 38 South. 662.

[6] It is true that the signature of Mrs. Wynn was not proven, but no objection was made to the introduction of the writing in question when first put in evidence. It seems to have been offered in evidence a second time, unnecessarily, when a number of objections were made to it by defendant. Conceding that one or more of those grounds of objection may have been well taken, the adverse ruling thereon was without prejudice, since the paper was already in evidence without objection, and defendant then had no right to have it excluded.

[7] Defendant claims to be in the rightful possession of the premises under and by virtue of the lease executed to him on July 24, 1920, by the Smith Cullom Company, as agents, in the name of Mrs. Maude Wynn. It is not necessary to determine whether or not that lease was executed under such authority and understandings (apart from the statute of frauds) as would have bound Mrs. Wynn or Mrs. Lowe on general principles of contract or estoppel. But, being a contract not to be performed within one year from the date of its making, it was not binding on the lessor unless it was in writing, and subscribed by her, or by "some other person by her thereunto lawfully authorized in writing." Code, § 4289, subd. 1. And it appears without dispute that the Smith Cullom Company had no written authority to make the lease. The lease was expressly repudiated

by Mrs. Lowe, the undisclosed principal for whose benefit it was made, before the beginning of its term, and it was not removed from the ban of the statute by the lessor's or owner's acceptance of any rent paid thereunder by the lessee either before or after the beginning of its term. Defendant can therefore derive no benefit from that lease, and his detention of the premises after September 30, 1920, was nevertheless unlawful.

We think that every element of fact necessary to plaintiff's recovery is shown by the record without dispute, and that the general affirmative charge was properly given at plaintiff's request.

We do not overlook the numerous other questions presented as to the admission and rejection of evidence; but those questions, however ruled, could not affect the result, and their consideration is therefore immaterial.

Finding no material error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.