172 So. 603

## TARRANT AMERICAN SAVINGS BANK
### v. SMOKELESS FUEL CO.

6 Div. 1.

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

London & Yancey, Fred G. Koenig, and W. F. Shillito, all of Birmingham, for appellee.

Graham & Wingo, of Birmingham, for appellant.

THOMAS, Justice.

The action was in trover.

The many counts of the complaint claimed damages for checks drawn to plaintiff, and which were alleged to be the property of the payee on the date of conversion.

The suit was by plaintiff, "suing for its own use and benefit and for the use and benefit of the American Mutual Liability Insurance Company, a body corporate."

The judgment was for plaintiff for the aggregate amount of the many checks alleged to have been converted.

The suit was under section 9051 of the Code, which reads as follows: "Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto, can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority."

The construction of this statute is to the effect that a bank is bound to obtain a genuine indorsement on a check, and if it fails to do so it is liable, although the check was made to a fictitious payee. Robertson Banking Co. v. Brasfield, 202 Ala. 167, 79 So. 651; Florence et al. v. Carr et al., 226 Ala. 654, 148 So. 148; 99 A.L.R. notes p. 440, 442.

The defendant moved to strike from the complaint the words "and for the use and benefit of the American Mutual Liability Insurance Company, a body corporate," on the grounds: (1) That "an action of trover can only be brought or maintained by one who had title to or right to possession of the property converted at the time of the conversion"; and (2) "that it is not permissible to bring or maintain an action of trover in the name of one for the use and benefit of another." The motion was overruled, and defendant excepted.

The demurrer to the complaint assigned, among others, like grounds of objection as to the sufficiency of the complaint as those contained in the motion to strike from the complaint the words "and for the use and benefit," etc. The demurrers were overruled, and defendant pleaded the general issue, in short, by consent.

A check is a chose in action that is the subject of conversion and an action of trover. The amount stated on its face is prima facie evidence of its value. First Nat. Bank of Montgomery v. Montgomery Cotton Mfg. Co., 211 Ala. 551, 101 So. 186; A. Paul Goodall Real Estate & Ins. Co. v. North Birmingham American Bank, 225 Ala. 507, 144 So. 7; W. E. Herron Motor Co., Inc., v. Maynor et al., 232 Ala. 319, 167 So. 793.

It is established, that to support an action of trover the plaintiff must have, at the time of the conversion, a general or special right to the property, and possession or an immediate right of possession thereto. Sullivan v. Miller, 224 Ala. 395, 140 So. 606.

■ The general authorities are to the effect, that where one who sues for the use of another, and such party is entitled to recover, the fact that the usee's name is inserted in the pleading may be treated as surplusage on demurrer. Such is the declared rule in this jurisdiction, so far as concerns a defendant in a suit by the plaintiff entitled to possession prior to the inception of the wrongful possession of the defendant, and prior to the beginning of the unlawful detainer. Whaley v. Wynn, 208 Ala. 342, 95 So. 16 [unlawful detainer]; Gambill v. Cooper, 159 Ala. 637, 48 So. 691 [unlawful detainer].

In Collins v. Mobile & O. R. Co., 210 Ala. 234, 237, 97 So. 631, 633, which was a suit for negligence, the following observation was made:

"In Southern Ry. Co. v. Stonewall Ins. Co., 163 Ala. 161, 164, 50 So. 940, this court said:·

"'* * * Without any statute, the insurance company, on paying the insurance for the property insured and alleged to have been tortiously destroyed by the railroad company, would be subrogated to the rights of the insured or owners of the property, against the railroad company, if any there were, to make good its loss, and could certainly sue in its own name, or in the name of the insured, for its use.'

"See, also, Coffman v. L. & N. R. R. Co., 184 Ala. 474, 480, 63 So. 527; Wyker v. Texas Co., 201 Ala. 585, 79 So. 7, L.R.A. 1918F, 142. The principle on which such authorities rest is that the insurer and insured are considered as one person, and the distribution of the proceeds is a matter wholly between the insurer and insured (Long v. K. C. M. & B. R. R. Co., 170 Ala. 635, 54 So. 62), and does not concern the wrongdoer or furnish him with a defense (Coffman v. L. & N. R. R. Co., supra; Wyker v. Texas Co., supra)."

■■ The text approved from Coffman v. Louisville & Nashville R. Co., 184 Ala. 474, 480, 481, 63 So. 527, 528, is:

"In all suits so brought the form of the action protects the wrongdoer from the possibility of a double recovery on account of the wrong and he has nothing whatever to do with the question as to what is to become of the money which·may be recovered of him, or with the question as to whether the insured or the insurer is to pay the costs and expenses of the litigation. In suits so brought these matters are, as to the wrongdoer, res inter alios acta, and are matters in which he has no concern. Long et al. v. K. C., M. & B. R. R. Co., 170 Ala. 635, 54 So. 62.

"The above propositions spring out of the fact that when, through the wrong of another, an insurer is required to pay money to the party wronged, it is but natural justice that, if the party wronged recovers of the wrongdoer the damages suffered by him on account of the wrong, the insurer shall receive back, out of the money so recovered, enough money to place him in the position which he occupied before the wrong was committed."

■ It is further established that an insurer who pays a claim under its policy is entitled to protection by subrogation against a tort-feasor who is responsible for the destruction of the property insured; that·when the loss exceeds the amount of the insurance paid, the insured may sue for its own benefit and that of the insurer. Wyker v. Texas Co., 201 Ala. 585, 79 So. 7, L.R.A.1918F, 142; Southern Garage Co. v. Brown, 187 Ala. 484, 65 So. 400; Webb et al. v. Southern R. Co. (C.C.A.) 248 F. 618.

■ The declared relation between the Tarrant American Savings Bank and Smokeless Fuel Company is unaffected by the bond of the recalcitrant agent and the payment made thereunder by the insurance company; it is res inter alios acta as to the defendant. Otherwise stated, the fact that the American Mutual Liability Insurance Company, under its "Schedule Position Bond," issued to the Alabama By-Products Corporation and others, insuring Smokeless Fuel Company against loss by dishonesty of its servants and agents, and that such insurance company paid the appellee an amount of insurance less than the loss suffered, because of the dishonest act of the designated agent in forging that company's indorsement on the checks by which payments were made, cannot be an available defense to save appellant Bank's failure to have a genuine indorsement by the payee. Coffman v. Louisville & Nashville R. Co., supra.

In the note to 96 A.L.R. pages 872, 873, where general authorities are collected, the following observations are made as to the effect of the Alabama decisions: "In Alabama, still another rule has been applied where the loss exceeded the amount of the insurance paid, it having been held that in such a case the insured may sue for his own benefit and for the benefit of

the insurer, or the insurer may sue the wrongdoer in the name of the insured for the full damages naturally and proximately resulting to the insured from the wrong. Coffman v. Louisville & N. R. Co. (1913) 184 Ala. 474, 63 So. 527. In that case, the court proceeded upon the assumption that when property which is insured is destroyed through the actionable wrong of another, 'the insured and the insurer are, in contemplation of law, in so far as the loss is concerned, one person.' Again, if the insurers have paid the insured the full amount of his loss, the insured may sue the wrongdoer 'in his own name, for the use of the insurance companies, or the insurance companies may sue in his name for their own use.' Aetna Ins. Co. v. Hann (1916) 196 Ala. 234, 72 So. 48. It also has been held that an insurance company which has paid the insured for property tortiously destroyed may sue the tortfeasor in its own name or in the name of the insured for its use. Southern R. Co. v. Stonewall Ins. Co. (1909) 163 Ala. 161, 50 So. 940. In this case an insurer of property which was destroyed as the result of the negligence of a railroad company paid the insured, and, in its own name, sued the railroad company for damages; and, in rejecting the contention that the insurer could not maintain the action, the court said: 'Without any statute, the insurance company, on paying the insurance for the property insured and alleged to have been tortiously destroyed by the railroad company, would be subrogated to the rights of the insured or owners of the property, against the railroad company, if any there were, to make good its loss, and could certainly sue in its own name or in the name of the insured for its use. The insurance company in either case would be the real party plaintiff; and if it should be conceded that the action should have been in the names of the insured, for the use of the insurance company, this would be an amendable defect, and would have to be taken advantage of before verdict.' This case is quoted, apparently with approval, in Collins v. Mobile & O. R. Co. (1923) 210 Ala. 234, 97 So. 631." 96 A.L.R. pages 872, 873.

The several counts of the complaint show that the checks referred to therein were the immediate property of plaintiff-appellee, and that such party had the immediate right of possession and collection thereof at the time of conversion and payment without procuring the indorsement of the payee. Thus is supported the right and action of trover brought by Smokeless Fuel Company against the bank paying without the payee's indorsement. In First Nat. Bank of Montgomery v. Montgomery Cotton Mfg. Co., 211 Ala. 551, 101 So. 186, where the bookkeeper wrongfully, indorsed the company's name on checks and procured collection, held trover for the conversion was properly maintained. And in the case of A. Paul Goodall Real Estate & Ins. Co. v. North Birmingham American Bank, 225 Ala. 507, 144 So. 7, it was held that where a drawee pays an uncertified check and surrenders to the drawer and debits his account, the payee (1) may maintain conversion against the Bank, or (2) waive the tort and recover for money had and received.

In Whaley v. Wynn, 208 Ala. 342, 343, 344, 95 So. 16, 17, Mr. Justice Somerville, in dealing with an analogous pleading, observed: "The action is brought by Mrs. Wynn, for the use of Mrs. Mary C. Lowe, but Mrs. Wynn is the real party plaintiff, and the phrase 'for the use of Mrs. Mary C. Lowe' may be treated as surplusage, and is without significance so far as the defendant is concerned. Gambill v. Cooper, 159 Ala. 637, 48 So. 691. But there is no impropriety in such a use of the phrase, and it does not render the complaint demurrable. Cooper v. Gambill, 146 Ala. 184, 40 So. 827."

In the instant case the employment of the words "for the use and benefit of the American Mutual Liability Insurance Company, a body corporate," may be treated as surplusage, so far as concerns the defendant and its defense to the suit for payment without proper indorsement.

We have indicated that the bond and payment thereunder were collateral to the material issues here to be decided. Coffman v. Louisville & Nashville R. Co., supra.

It results from what we have said that there was no error to reverse in overruling the defendant's motion to exclude or strike the matter indicated; or in overruling the demurrer to the several counts of the complaint; or in the denial of the affirmative charges requested in writing by the defendant to the several counts of the complaint.

The issues of fact were presented to the jury and the voluminous pleading stated in the oral charge. The trial court read to the jury the statute under which

the suit is brought, section 9051 of the Code, as above set out. The evidence of Mr. L. E. Patton defined the power and authority of Bailey as to the checks, and showed that he was not authorized to indorse and collect the same, or to apply them to his own use, as was done.

We find no reversible error (assignments of error Nos. 12 and 13) in the exceptions to the oral charge; that is, those portions of the charge were abstract and not error to reverse.

There was no error in declining defendant's charges F and H.

There was reversible error in the refusal of defendant's requested written charges I and J. These instructions were not sufficiently covered by the given charges. If the Smokeless Fuel Company knew or was charged with knowledge that Bailey was assuming authority to indorse and collect its checks, and with such knowledge, actual or imputed, permitted him to continue in its service and such practice was thereafter estopped to deny the validity of his indorsements as against the defendant bank (National Surety Company v. National City Bank of Brooklyn, 184 App.Div. 771, 172 N.Y.S. 413), then the case should be retried on such issues as to items of collection, if made, after actual or imputed knowledge.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.