## Geesey et al. v. Lanius

*Walter I. Anderson,* and *Spencer R. Liverant,* for plaintiffs.

*John A. Hoober,* for defendant.

NILES, P. J., June 10, 1938.—The case arose from the collision between an automobile owned by Roy L. Geesey and being driven by John R. Gailey alone on Gailey's business in the absence of the owner, with the automobile owned and driven by J. Springer Lanius, defendant. Gailey was driving Geesey's automobile on the public highway into which defendant Lanius drove his automobile out of a lane entering the highway on Gailey's right. The collision was immediate. Gailey was somewhat injured and Geesey's automobile was damaged. The questions as to actionable negligence and contributory negligence were clearly for the jury, and were properly submitted. The verdict was against defendant Lanius for $220 in favor of Geesey for damage to his car, and $15 for personal injuries to Gailey, the driver.

The only question argued was upon the motion for new trial as regarded the verdict in favor of Roy L. Geesey. The only reason urged in support of the motion for new trial was the rejection of an offer of evidence on behalf of Lanius, the defendant.

Evidence had been received regarding the circumstances of the collision and the character of the damage done. Mr. Hoober, counsel for defendant, made an offer

at side bar out of the hearing of the jury. Plaintiff Geesey, the owner of the automobile, being on the stand, this occurred:

"Mr. Hoober: We offer to prove by the witness on the stand that for the damage he is now claiming he has already been paid by the insurance carrier covering this automobile, and if he admits this, I desire to make a motion for a non-suit against this particular plaintiff on the ground that the action was brought in his own name, when he has already been paid for it, when the action should have been brought in the name of the insurance carrier by subrogation." The Court: "This offer was made out of the hearing of the jury and is refused. Exception for defendant."

After consideration of defendant's argument and citations in his brief, the exclusion of the offer complained of we hold to be correct. Upon the pleadings and record the only question at issue was: How much damage, if any, was done to Geesey's automobile by the negligence of defendant Lanius? Whether, by some contract with an insurance carrier, the whole or a part of the damage done had been paid to the injured owner was irrelevant. The point raised by this motion was considered by McLean, P. J., in Howell, Jr., v. Crew, 29 Luz. L. R. Rep. 502. Judge McLean quotes from 3 Blashfield's Cyclopedia of Automobile Law 2619:

" 'The general rule is that, where the owner of insured property, as an automobile, has been reimbursed by the insurer, upon suffering a loss within the terms of the policy, only partially for such loss, and the latter therefore is subrogated to the rights of the owner only to the extent of the payment of such partial loss, the right of action against a wrong doer causing the loss is in the owner and he may maintain the suit in his own name. In such case the question of the distribution of the proceeds of the recovery is a matter concerning only the owner and the insurance company, and with which the wrong doer is not concerned.' " This position is well sus-

tained in Wyker v. Texas Co., 201 Ala. 585, 79 So. 7, which holds:

"Where an automobile is damaged and an insurance company partially reimburses owner for loss suffered, owner, who subrogates insurer to his rights against company responsible for damage to the amount of such reimbursement, does not, by such subrogation, assign his right of action for damages, and can sue therefor in his own name." This position seems to be entirely in accord with practical justice and simplicity of procedure.

And now, to wit, June 10, 1938, defendant's motion for new trial filed April 30, 1938, is refused, and the rule granted thereon discharged; and judgment is entered in accordance with the verdict of the jury April 27, 1938, against J. Springer Lanius in favor of Roy L. Geesey for $220, with costs; and against J. Springer Lanius and in favor of John R. Gailey for $15, with costs.