Steiger v. Prather.

## CHARLES F. STEIGER
v.
## SAMUEL F. PRATHER.

*Landlord and Tenant—Removal of Improvements by the Lessee—Fire—Bill of Exceptions.*

In an action by a landlord to recover damages from a tenant for the removal of improvements, this court declines to interfere with the verdict for the defendant, only part of the lease appearing in the bill of exceptions.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. BRADLEY & CARPENTER, for appellant.

Messrs. CONKLING & GROUT, for appellee.

Appellee has a right to have the whole case before this court, or in its absence this court will presume that the terms of the lease justified the verdict and judgment below. Roger v. Hall, 3 Scam. 5, is the leading case and is cited with approval

in McLaughlin v. Walsh, 3 Scam. 185 ; Ballance v. Leonard, 37 Ill. 43 ; Hayes v. Lawver, 83 Ill. 182 ; Lee et al. v. Town of Mound Station, 118 Ill. 312.

An improvement attached to real estate becomes a fixture and part of the realty and as a general rule can not be removed by the tenant. To this rule trade fixtures are an exception as between landlord and tenant. Taylor's Landlord and Tenant, 5th Ed., Sec. 546.

This pipe, used to conduct water to the boilers on the leased premises, is a trade fixture between appellant and appellee. · Phillbrick v. Ewing, 97 Mass. 133. And could be removed by the latter during the term. Moore v. Smith, 24 Ill. 513. Or even after the term expired and before yielding possession of the premises. Moore v. Smith, *supra*, 517 ; Schreiber v. Chicago & Evanston R. R. Co., 115 Ill. 340; Van Ness v. Paccard, 2 Pet. 146 ; Penton v. Robart, 2 East, 88.

The character of personal property and right of removal may be preserved by an agreement with the owner of the land previous to annexation. Ewell on Fixtures, 66 ; Dooley v. Christ, 25 Ill. 453.

Where improvements are placed by the lessee upon the land of the lessor, upon an agreement or understanding that they may be removed, they do not become a part of the real estate, but continue to be personal chattels and the property of the person who erected them. Smith v. Benson, 1 Hill, 174; Dame v. Dame, 38 N. H. 429 ; Doak v. Wiswell, 38 Me. 569.

CONGER, P. J. In the year 1881 appellant was the owner of certain property near Springfield, known as the Hominy Mill property, consisting of twenty acres of land, mill and machinery for carrying on the milling business. The water for the use of the boilers was obtained from wells on the premises, and, as a reserve, there was a two-inch iron pipe laid in the ground extending some three quarters of a mile to the city water works. In that year appellee, Prather, and others, leased these premises, took possession and continued to occupy them until the 16th of April, 1882, when the mill was destroyed by fire.

During the time they were in possession appellee took up this iron pipe and replaced it with new. Some five months after the mills were burned appellee, Prather, took up the pipe he had placed in the ground and sold it, and this suit was instituted to recover the value of the pipe and for trespass upon the premises of appellant.

We find by referring to the record that the lease was introduced in evidence and read to the jury, but no part of such lease appears in the record except one clause, as follows:

" And the party of the second part further covenants with the party of first part that, at the time in the lease mentioned, he will yield the premises up to the party of the first part in as good condition as when the same were entered upon by the said party of the second part, loss by fire, inevitable accident or ordinary wear and tear excepted. And it is further agreed by the parties of the first and second part that the said rent shall be paid quarterly. And it is further agreed that the party of the second part shall have the right to remove all improvements by him made upon the demised premises."

For aught we know there may have been other provisions in the lease fully sustaining the finding of the jury.

If the whole lease was before us we should know whether there were or not provisions in it allowing the removal of improvements after the lease was cancceled; but not having it all, we must presume it did authorize the appellee to make the removal which the jury have found was lawful. Roger v. Hall, 3 Scam. 5; McLaughlin v. Walsh, 3 Scam. 185.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*