### BUTLER & HERMAN CO. v. METH.

(Supreme Court, Appellate Term. April 8, 1910.)

LANDLORD AND TENANT (§ 94*)—TERMINATION OF LEASE—NOTICE OF SALE.

An agreement extending a lease for one year from July 15, 1909, provided that in the event of a sale of the premises "this renewal term, or any other extension or renewal term, shall cease * * * on fifteen (15) days' notice to the tenant, addressed to him at the premises." On July 19th, the property was transferred to plaintiff, and on August 4th the plaintiff accepted from the tenant rent up to August 31st. On August 12th the landlord wrote the tenant: "We hereby beg to advise you that we desire possession of the premises * * * on August 31st, and on and after that date your lease will become null and void." *Held*, that such notice did not terminate the lease, as by accepting rent the relation of landlord and tenant was established, and the provision in the extension agreement provided only for the termination of the tenancy in the event of a sale by giving 15 days' notice of the sale.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 94.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

The Butler & Herman Company brought summary proceedings to dispossess Jacob Meth, a tenant. Possession was awarded to plaintiff, and defendant appeals. Reversed, and proceeding dismissed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

Maurice J. Katz (Alex B. Greenberg, of counsel), for appellant.

Eidlitz & Hulse (Harry N. French, of counsel), for respondent.

SEABURY, J. The landlord has obtained a final order in its favor in summary proceedings dispossessing the tenant. On June 18, 1906, Samuel, Isaac, and Charles Bernstein leased to the appellant the premises Nos. 322–324 East 101st street, New York City, for the term of three years, commencing on July 15, 1906. On June 15, 1909, the parties to the original lease entered into an extension agreement, whereby the term of the original lease was extended for one year from July 15, 1909. The landlord obtained possession of the premises by deed dated July 19, 1909, and delivered August 2, 1909, and recorded August 3, 1909. On the same date it took from the Bernsteins an assignment of the above-mentioned lease and extension agreement. In determining the question presented upon this appeal, it is necessary to consider the following clauses contained in the lease and extension agreement:

Paragraph "Twenty-First" of the lease provides as follows:

"And it is further understood and agreed that the covenants and agreements contained in the foregoing lease are binding upon the parties hereto, and their respective heirs, administrators, successors, assigns, and legal representatives."

Paragraph "Third" of the extension agreement provides as follows:

"The said tenant agrees that the terms and conditions of the lease dated the 18th day of June, 1906, hereinbefore mentioned, are binding upon him as if more fully made a part hereof, and except as herein varied or modified."

Paragraph "Fourth" of the extension agreement provides as follows:

"It is understood that in the event of a sale of the said premises this renewal term, or any other extension or renewal term, shall cease and be determined upon fifteen (15) days' notice to the tenant, addressed to him at the premises, Nos. 322–324 East 101st street. This clause shall be deemed a conditional limitation sufficient to enable the landlord to dispossess the said tenant after the giving of said notice of sale."

On August 12, 1909, the landlord wrote the tenant the following letter:

"We hereby beg to advise you that we desire possession of the premises No. 322–324 East 101st street on August 31st, and on and after that date your lease will become null and void."

On August 2, 1909, the date of the deed to the landlord, the president of the landlord corporation had an interview with the tenant, in which he told the tenant that the new landlord would accept the rent. On August 4, 1909, the tenant paid, and the landlord accepted, the

rent for the premises then due. On August 15, 1909, rent was again paid for the amount due from August 15th to August 31st. By the terms of the "Fourth" paragraph it is agreed that "in the event of sale" the term demised "shall cease and be determined upon fifteen days' notice to the tenant." The landlord did not give the required notice, or elect to terminate the lease. The tenant paid rent to the new landlord, who accepted it. The tenant thus "attorned" to the landlord, if it is still permissible to use this term. Commonwealth Mortgage Co. v. De Waltoff, 135 App. Div. 33, 119 N. Y. Supp. 781. Under the original lease and the extension agreement, the conventional relation of landlord and tenant existed between the parties to this proceeding. That relation was established upon the basis of the original lease and extension agreement. When this relation was established, all the terms of the original lease and the extension agreement were in full operation, and the tenant held the premises for the term therein demised upon the covenants and conditions therein specified.

The "Fourth" paragraph of the extension agreement did not mean that the landlord could arbitrarily terminate the term demised simply upon giving 15 days' notice to the tenant. It meant, what it plainly said, that the tenancy could be terminated "in the event of sale," provided that 15 days' notice of sale was given the tenant in the manner prescribed. The demise was thus upon a limitation by which the term was to expire in the event of a sale and upon giving the required notice in the manner prescribed. In selling the premises without giving the required notice, the landlord waived the right to insist that this tenant should forfeit his lease. By the acceptance of rent the same relation existed between the new owner and the tenant that had previously existed between the original landlord and the tenant. Unless the event happened, viz., a sale and proper notice thereof, the estate of the tenant would not terminate until the expiration of the time stipulated in the extension agreement. The notice which the new landlord gave on August 12th was merely an arbitrary attempt to terminate the tenant's estate without regard to the provisions of the extension agreement. No sale of the premises took place after the tenant paid rent to the new landlord, and in the absence of such a sale the latter had no right to terminate the estate of the tenant simply by serving a notice that on and after a certain date his lease would "become null and void."

The final order is reversed, and the proceeding is dismissed, with costs to the tenant in this court and in the court below. All concur.