**Errett Gates and Nell S. Gates, Appellants, v. F. W. Norton, Appellee.**

**Gen. No. 27,944.**

1. Landlord and tenant—*construction of clause for termination of lease in case of sale.* A provision in a lease that the lessor "shall, in the event of the sale of said premises, have the right to terminate this lease" on the last day of April of any year by giving written notice on or before March first of any year, of his intention to terminate, gives the right to terminate to any grantee of the original lessor in case of sale of the premises by him by timely giving of notice, but such grantee, after purchase by him and his

acceptance of rent from the tenant, cannot terminate the lease because of the purchase by him, and in such case the tenant is entitled to retain possession under the lease until a sale by such grantee and termination of the relation by due notice.

2. LANDLORD AND TENANT—*effect of notice to quit by stranger to lease.* A lease which is terminable in case of sale upon notice was not terminated by notice given by a subsequent grantee of the premises more than four months after his purchase but in the names of the original lessor and plaintiff's immediate grantor since such notices were ineffectual for any purpose, such persons being strangers to the lease at the date of the notices.

3. LANDLORD AND TENANT—*effect of provision for notice to quit within specified time in case of sale.* A provision of a lease authorizing the lessor in case of sale of the premises to terminate it on the thirtieth of April by giving notice on or before the first day of March of his intention so to do provides a minimum of time to be given to the tenant by way of notice and does not provide a maximum period for the lessor to consider and determine the matter as to whether or not he will give notice and terminate the lease.

Appeal by plaintiffs from the Municipal Court of Chicago; the Hon. DANIEL P. TRUDE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed February 16, 1923.

MCELROY & HUDDLESTON, for appellants.

CHARLES W. STIEFEL, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

This is a forcible entry and detainer proceeding in which the defendant Norton recovered a judgment in the trial court, to reverse which the plaintiffs have perfected this appeal. The premises in question were formerly owned by one Racine, who entered into the lease involved in this case with the defendant on May 1, 1914, for a period of ten years. This lease contained a provision reading as follows: "The said Racine shall, in the event of the sale of said premises, have the right to terminate this lease on the

thirtieth day of April of any year by giving notice in writing on or before the first of March of any year of his intention to terminate."

In July, 1921, Racine conveyed the premises to Joseph J. Miller and Richard Curran. Curran later conveyed his interest in the premises to Miller, and the latter, in October, 1921, sold the premises to one Amundson. A few days later Amundson sold and conveyed the premises covered by the lease to the plaintiffs as joint tenants. About two weeks after the plaintiffs acquired title to the premises, they notified the defendant tenant that they had become the owners and that in the future the rent should be paid to them, and thereafter the rent was paid to the plaintiffs for the period up to April 30, 1922.

In the latter part of February, 1922, plaintiffs notified the defendant in writing of their election to terminate his lease on April 30, 1922, and demanded possession at that time. They also served written notices directed to the defendant, one signed by Racine and another by Amundson, referring to the various conveyances above noted and notifying the tenant of the termination of his lease in accordance with the clause which has been quoted above. For the purpose of this opinion, however, it is sufficient to consider merely the notice served on the tenant and signed by the plaintiffs. The defendant declined to vacate and give possession to the plaintiffs at the time designated, and on May 2, 1922, plaintiffs instituted these proceedings.

There can be no doubt of the intention of the parties in having this lease provide that, in the event of the sale of the premises, the lessor should have the right to terminate the lease. The lessor might desire to sell and there might be trouble in finding a purchaser if the property were covered by a ten-year lease without any provision in it for a prior cancel-

lation, whereas a buyer might be willing to take the property if he could get rid of the lease. With that thought in mind and to meet that situation, the parties provided in the lease that in the event of a sale, the lease might be terminated by the lessor on April 30 of any year during the term "by giving notice in writing on or before the first of March" of such intention.

We do not consider the right to terminate this lease, as reserved by its terms, to be one which was personal to the original lessor, Racine. It was a covenant which ran with the land and passed to the successive grantees of the original lessor. But that does not mean that a grantee, by reason of that clause, had the right as such grantee and by reason of his purchase, to terminate the lease because of such purchase. The right which a grantee acquires, under the provision of the lease referred to, is only the right to terminate the lease as a lessor "in the event of the sale of the premises," by him. That is the right reserved in the lease to the lessor and that is the right passing on to the lessor's grantees or assigns.

With this clause in the lease, any owner, whether the original lessor or a grantee or assignee under the original lessor, finding a purchaser willing to buy the property, relieved of the lease, could terminate the lease as of the following April 30, except that such termination could not be consumed by notice given after March 1, of the same year. Any termination sought by notice given between March 1 and April 30 would have to be as of April 30, the following year.

Under this clause in the lease no successor in interest of the original lessor has the right to terminate the lease by reason of the purchase of the property by him but only "in the event of a sale of the property" by him. Counsel for appellants, in urg-

ing the contrary, argue that necessarily the right to terminate is to be exercised under the wording of this clause, by a purchaser from the lessor or a successor of the lessor, as the right is reserved only "in the event of a sale," and there cannot be such an event until the sale is completed and has become an accomplished fact. We do not so construe the language in question. Under this clause, in our opinion, the landlord would be in a position to serve the tenant with notice of the termination of his lease as of the following April 30, provided the notice was served before March 1, or as of the succeeding April 30, if the notice was served between March 1 and April 30, as soon as he had concluded a bona fide contract of sale with a purchaser. We find nothing to the contrary in *Lewis v. Agoure*, 8 Cal. App. 146, cited by appellants, where a lease was involved containing practically the same clause as the one to be found in the lease we are considering here. As pointed out in the case referred to, the lessee might not be obliged to surrender possession unless the sale had been consummated, although in that case he agreed under the lease to vacate within ninety days after notice of termination of the lease in the event of a sale. But that does not mean that the landlord could not give notice of termination before consummation of the sale. Nor do we find anything contrary to our holding in the case at bar in *Cooper v. Gambill*, 146 Ala. 184; *Hadley v. Bernero*, 97 Mo. App. 314, or *Cincinnati-Louisville Theater Co. v. Masonic Widows' & Orphans' Home & Infirmary*, 272 Fed. 637, to which appellants have called our attention. In the *Cooper* case, the lease provided that in the event the lessor sold the premises, "possession would be given, if required, within a reasonable length of time thereafter." The court held that this provision should be considered one for the benefit of a purchaser as well as the lessor, an entirely reasonable construc-

tion of the language there involved. In the *Hadley* case, the lease contained a clause in which the parties agreed "that, should a sale of said property be made during the continuance of this lease, said lessees would vacate and deliver up possession of said property upon a thirty days' notice in writing so to do." The court held that was a covenant running with the land. The plaintiffs in that case purchased the property involved on June 5, and on June 28, their agent notified the lessee to vacate and deliver possession on or before October 1. The lessee retaining possession, the plaintiffs instituted proceedings for unlawful detainer and recovered possession. In the *Cincinnati-Louisville Theater Co.* case, the lease contained a clause in which the lessor reserved "the right to cancel this lease * * * at any time in the event of an actual and bona fide sale of the fee of the property, by giving the * * * lessee at least 90 days' written notice of its intention so to do." The court held that this covenant was not confined to the original lessor but "was one of which any grantee, succeeding to the title of the lessor, could take advantage." But the court in that case uses language showing that its view of the right which passed to a grantee under this covenant was that it was a right to terminate in the event of a sale by the grantee, rather than because of the grantee's purchase. In commenting on that clause, there involved, the court said: "The first purchaser and each successive purchaser may very likely be induced to buy, by the provision that, *whenever he decides to sell,* he can free himself from the lease." In that case the grantee of the original lessor was seeking to terminate the lease, having contracted to sell the property to another who wanted it free of the lease. The plaintiff, who was a grantee of the original landlord, sought to terminate the lease under the clause al-

ready quoted, after having entered into a contract for the sale of the premises to another although that contract recited the existence of the outstanding lease, and provided that the lessor was to terminate it, and further that if, for any reason, that was not accomplished, the purchaser might withdraw from the deal and would not be required to fulfill the contract. Although the sale had not been effected, but the lessor had merely entered into that contract to sell, the court held the proceedings were proper and the lessor had the right to terminate the lease under the provision referred to.

In *Krim Realty Corporation v. Varveri*, 97 N. Y. Misc. 407, 161 N. Y. Supp. 229, the lease provided that: "In case the said landlord sell the said premises, and the purchaser thereof demands possession of the same, the landlord may cancel this lease by giving to the said tenant sixty days' notice in writing of its intention to do so." The court held that the situation of the parties in that case indicated that their intent was that the cancellation clause should be personal to the original lessor, but that it was not necessary to decide that question "for, if the right of cancellation were a covenant running with the land, it would not entitle the grantee to cancel the lease until it, in turn, made a sale. *Butler & Hermann Co. v. Meth*, 122 N. Y. Supp. 271. When the respondent (grantee of the landlord) accepted an instalment of rent from the appellant (lessee), it became the landlord," and could exercise the right to cancel, reserved in the lease, only in case it sold the premises.

Our decision to the same effect in the case at bar gives the successor in interest or title, of the original lessor, precisely the same rights the lessor had and no more. Certainly the provision in question was not intended to, nor could it, accomplish more than that.

The notices served on the lessee in the name of the

original lessor and the plaintiffs' grantor were, of course, ineffectual, so far as the right of the plaintiffs to accomplish a termination of the lease because of their purchase of the property is concerned. Those notices were given four months after plaintiffs had become owners of the property, at which time the original lessor and plaintiffs' grantor were entire strangers to this lease. The termination of this lease by reason of the sale to plaintiffs could have been accomplished, if desired, under the terms of the lease, by having the plaintiffs' grantor, who was the then lessor, upon the event of his sale of the premises to the plaintiffs, notify the lessee that his lease would terminate on April 30, following. That not having been done, the lessee may retain possession of the leased premises for the term of the lease, unless there is a prior termination as provided for in the lease, in the event of a sale by the plaintiffs.

A different situation might have been presented if the plaintiffs, upon purchasing the property, had not assumed the position of landlord towards the lessee by accepting rent without having notified him of their election to terminate the lease as of the following April 30. Having accepted rent without more, they stepped into the shoes of their grantor, as lessor under this lease, and thereby acquired his rights and nothing more,—namely, the right to terminate the lease in the event of a sale of the premises by them.

The object of including in this clause the provision requiring the service of notice by March 1 cannot be considered as giving the parties, who might want the lease terminated, time to consider and determine the matter after a sale and up to that date, as a maximum, but, having provided that the lease could only be terminated at the conclusion of each year, following the beginning of the term of the lease, the March 1 clause must be held to have been put in as providing the minimum of time to be given the tenant, in the way of notice.

Appellants complain of certain evidence which was admitted over their objection. The evidence was irrelevant and immaterial, but it does not constitute reversible error. There were no issues presented by the material facts of this case. There is no denial of any of the material facts. These facts present questions of law. The motion of the defendant for a peremptory instruction in his favor should have been allowed and the instruction given. The jury having found the issues in favor of the defendant and the court having entered judgment accordingly, no reason is present for its reversal.

For the reasons stated the judgment of the municipal court is affirmed.

*Judgment affirmed.*

O'CONNOR and TAYLOR, JJ., concur.