## UNITED CIGAR–WHELAN STORES COR-PORATION v. BASILIKO INV. COR-PORATION.

### No. 534.

Municipal Court of Appeals for the District of Columbia.

Sept. 10, 1947.

John H. Burnett, of Washington, D. C. (Chapin B. Bauman, of Washington, D.C., on the brief), for appellant.

Herman Miller, of Washington, D.C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

In 1939 appellant, United Cigar-Whelan Stores Corporation, leased from Equitable Building Company store space in the Bond Building located at Fourteenth Street and New York Avenue. The lease provided for a term beginning December 1, 1939, and ending December 31, 1949. Paragraph numbered 18 of the lease provided:

"18. In the event that Lessor shall make a bona fide contract for the sale of the land and building of which the demised premises form a part at any time during the term herein or in the event that Lessor shall in good faith intend to demolish the building of which the demised premises form a part and shall thereafter within a reasonable time actually demolish same, the Lessor, or its successor in title shall have the right to cancel and terminate this lease at any time after December 31, 1941 upon Lessee receiving at its office in New York City, not less than three months prior notice in writing by registered mail and upon the date set forth in such notice, the term of this lease shall come to an end and expire in the same manner and to the same effect as though such date had been the date originally set forth herein for the expiration of the term. Lessor shall only have the right to cancel and terminate this lease as in this paragraph provided, and such cancellation shall be valid and effective only upon condition that Lessor shall pay to Lessee in cash or acceptable certified check the sum of Seventy-five Hundred Dollars ($7,500.00), if this lease is cancelled to be effective any time during the calendar year, 1942 or the sum of Five Thousand Dollars ($5,000.00) in cash or acceptable certified check, if this lease is cancelled to be effective any time during the calendar year 1943, and Twenty-five Hundred Dollars ($2,500.00) in cash or acceptable certified check if this lease is cancelled at any time thereafter during the term herein. All payments herein agreed to be made by Lessor to Lessee shall be paid on or before sixty (60) days after the giving of notice as aforesaid, and Lessee agrees that it will pay the rent reserved in this lease up to the date fixed by any notice of cancellation for the termination thereof. The provisions of this paragraph shall not be construed as restricting the right of Lessor to possession provided for under Paragraph Nos. 10, 11 and 13 herein."

On May 1, 1943, Equitable Building Company conveyed the property to The Metro-

politan Museum of Art which on May 23, 1946, conveyed to Sophia Cokenias, a straw party, who on May 31, conveyed to appellee, Basiliko Investment Corporation. No notice of cancellation of appellant's lease under the above-quoted paragraph was given by any owner or purchaser until August 29, 1946, when appellee sent such a notice. On December 9, 1946, appellee sent a second notice of cancellation, stating that the second notice was given because following the first notice appellee had failed to pay to appellant the $2,500 within the time required by said paragraph 18 of the lease. Within sixty days after giving the second notice appellee sent a certified check for $2,500 to appellant who refused to accept it. From June 1, 1946, until March 31, 1947, appellant paid rent according to the terms of the lease and appellee accepted the same. On April 8, 1947, appellee brought suit for possession and thereafter obtained judgment. From that judgment this appeal was taken.

Although appellant has assigned as error certain procedural matters, in our view of the case the only question presented is whether the notice of December 9, 1946, effected a cancellation of the lease under the provisions of paragraph 18.

Appellee's contention is that it was a bona fide purchaser and therefore a successor in title, and that since its purchase was subsequent to December 31, 1941, under the terms of paragraph 18 it had the right to cancel the lease at any time. The trial court accepted this contention, with the qualification that "at any time" be interpreted as meaning "within a reasonable time"; and held that the notice of December 9, 1946, was given within a reasonable time and was therefore effective to cancel the lease. We do not agree with either appellee or the trial court. Appellee's contention is, in effect, that upon its

purchase of the property the term lease was automatically converted into a lease terminable at the will of the landlord on three months' notice. Had this been the intention of the parties, it surely would have been expressed in plainer language. The position of the trial court was that upon purchase of the property the new owner could accept the lease as valid and binding on the tenant, reserving to itself the right to decide within a reasonable time (in this case a period of over six months) whether to continue the lease or oust the tenant. This position, we think, is contrary to the meaning of the paragraph in question.

In our opinion paragraph 18 of the lease, which was a qualification of an express term of ten years and one month,[1] assured the tenant of a term of two years and one month but provided that the remainder of the term could be cancelled in the event the property was sold and the new owner desired possession.[2] Notice of cancellation could be given either by the seller or the seller's "successor in title," i.e., the purchaser. If notice was given by the seller it had to be given prior to completion of sale, for after sale was completed the seller no longer had any interest in the property or the tenancy. If notice was given by the purchaser it had to be given at time of completion of the sale or at least prior to any act on the part of the purchaser which recognized the existence and continuation of the tenancy. Upon acquiring title the new owner had the right to recognize the lease and accept the tenant or to give notice of cancellation. The purchaser could take the property subject to the lease or subject to cancellation of the lease but he could not do both. He was required to make a choice. He could make that choice at any time he made the purchase but not at any time after he made

---

[1] The habendum clause reads: "To have and to hold the demised premises unto Lessee, its successors or assigns for the term commencing December 1, 1939 and expiring December 31, 1949 at midnight." Paragraph 20 provided: "And Lessor doth covenant that Lessee on paying the said yearly rent and performing the covenants aforesaid, shall and may peaceably and quietly have,

hold and enjoy the demised premises for the term aforesaid."

[2] Paragraph 21 provided: "And it is further understood and agreed that the covenants and agreements contained in the foregoing lease are binding upon the parties hereto and their respective heirs, administrators, successors, legal representatives and assigns."

the purchase. The reasonable time for the purchaser to determine his course of conduct with respect to the lease was the period between making the contract to buy and consummating the contract. When he took title he took it subject to the lease or free from the lease. He had no right to accept the tenancy on the condition that it could be cancelled when, as and if he desired.

In the instant case appellee waited nearly three months after the property was conveyed to it before attempting to give notice of cancellation. It was then too late.[3] Failure to give notice and acceptance of rent for three months constituted acceptance of the lease.

Reversed.

[3] Hotel Dauphin, Inc., v. Remey, Sup. App.T., 53 N.Y.S.2d 301; Butler & Herman Co. v. Meth, Sup., 122 N.Y.S. 271; Fallek v. Cramer, K.C.Ct.App., Mo., 191 S.W.2d 375.