Raymond T. Mitchell, Appellee, v. A. V. Tyler, Appellant.

Gen. No. 43,989.

Opinion filed November 19, 1947. Released for publication December 24, 1947.

COHEN & WEISS, of Chicago, for appellant; MARVIN PATRICK COHEN, HOWARD R. WEISS and MAURICE A. WINKLER, all of Chicago, of counsel.

KONSTANT J. SAVICKUS and HENRY W. KENOE, both of Chicago, for appellee; RAPHAEL FINE, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a forcible entry and detainer action with judgment for plaintiff. Defendant has appealed.

The property involved is a 25 foot vacant lot at 6150 South Western Avenue in Chicago. Defendant leased the property from year to year under written leases from Emma and Cora Gettys, commencing October 1, 1938. The rent was payable on the first day of each quarter of the year at the rate of $18 quarterly. June 20, 1946 plaintiff served defendant with notice that his tenancy would terminate September 7, 1946. Defendant refused to vacate and this action followed.

Plaintiff purchased the property from the Gettys, March 19, 1946. Defendant on April 1, sent a check for $18 to Cora Gettys, covering rent for April, May and June. The check was returned to him. Thereafter on April 20, a five day notice was served upon him by

plaintiff for nonpayment of $6 for the month of April. On April 24, 1946, defendant sent plaintiff a money order for $6. July 1, 1946, defendant sent a check to plaintiff for $18 covering rent for July, August and September. The $18 check was returned to plaintiff. There is a dispute in the evidence whether defendant paid $6 rent for the month of May.

It is conceded that the 60 day notice of June 20 was given under the lease and not under the Forcible Detainer Statute. The question is whether plaintiff succeeded to the right of the Gettys under the lease provision that in the event of sale the lease could be terminated by 60 days' notice.

Defendant contends that under the provision of the lease the plaintiff, as grantee, had not the right to terminate the tenancy, unless he in turn was to consummate a sale of the property. For this rule defendant relies upon *Gates v. Norton,* 228 Ill. App. 96. Plaintiff, on the other hand, contends that *Gates v. Norton* is not applicable for the reason that the provision of the lease as described by defendant in his testimony is not like the one in the *Gates v. Norton* case; that under a reasonable construction of the provision described by defendant, plaintiff had the right to terminate; and that this court should make that reasonable construction to sustain the court's judgment.

In *Gates v. Norton,* Racine, owner of the property, made a lease with Norton. The lease provided, ''The said Racine shall, in the event of the sale of said premises, have the right to terminate this lease. . . .'' Subsequent grantees gave notice of termination. The court held the intention of the parties was to give the lessor the right to terminate in the event of sale; that the right was not personal to the original lessor Racine; and that it was a covenant which ran with the land to successive grantees who had the right to terminate only in the event of sale by them. The court

referred to the benefit, intended for the lessor, of being able to rid the property of the encumbrance, if necessary, to find a purchaser.

Defendant says that the rule applied in each case varies with the terms of the provision of the lease. He refers us to *Hadley v. Bernero,* 97 Mo. App. 314; and *Cooper v. Gambill,* 146 Ala. 184. In the *Hadley case* the parties agreed that in the event of a sale, the lessees would vacate upon 30 days' notice in writing; and in the *Cooper case* the lessee agreed with Cooper, the lessor, in the event of sale, ''possession would be given, if required, within a reasonable length of time thereafter.'' In those cases the courts held that this provision should be considered for the benefit of purchasers, as well as the vendors, without the requirement of a sale by the purchaser.

Plaintiff testified, under Section 60 of the Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060], that he was still owner of the property and had not contracted to sell it. Defendant testified that the provision of the lease was that in the event of sale, the lease could be canceled upon a 60 day notice in advance. The trial court found that plaintiff had given proper notice of termination in conformity with the provision of the lease.

The presumption is that the trial court entered a proper judgment. The lease was not in evidence in the instant case. It is not in the record. Since the lease is not before us, and under the presumption aforesaid, we must conclude that under the provision of the lease the plaintiff had the right, though a grantee, to terminate the lease. *Hayes v. Lawver,* 83 Ill. 182; and *Steiger v. Prather,* 29 Ill. App. 27. This conclusion is consistent with the provision as described in the testimony of defendant. The trial court was justified in drawing the inference that a sale by plaintiff was not a condition of his right to terminate. It

was not required to assume the provision was the same as that in *Gates v. Norton*.

██ Because of our conclusion we see no necessity of discussing further the rules in *Gates v. Norton* or in the two cases cited by plaintiff. The parties in those cases were free, as were the original lessors and lessees in the case before us, to make any lawful lease they desired. There was nothing to prevent their giving the original owner as well as subsequent purchasers the right of termination without regard to a sale by the one giving the notice.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

Lewe, P. J., and Burke, J., concur.