**BASILIKO INV. CORPORATION v. UNITED CIGAR–WHELAN STORES CORPORATION.**

No. 9647.

United States Court of Appeals
District of Columbia.

Argued April 6, 1948.

Decided June 1, 1948.

Mr. Herman Miller, of Washington, D. C., for appellant.

Mr. John H. Burnett, of Washington, D. C., with whom Mr. Chapin B. Bauman, of Washington, D. C., was on the brief, for appellee.

Before CLARK, WILBUR K. MILLER, and PROCTOR, Associate Justices.

PROCTOR, Associate Justice.

Equitable Building Company, owner, leased to appellee store space in a building in Washington for a term beginning December 1, 1939, and ending December 31, 1949. The lease provided that in event "Lessor shall make a bona fide contract for the sale of the land and building * * * at any time during the term herein, * * * the Lessor, or its successor in title shall have the right to cancel and terminate this lease at any time after December 31, 1941," upon giving a prescribed notice and paying a specified sum to the lessee.

On May 1, 1943, Equitable Building Company conveyed the property to the Metropolitan Museum of Art, which, on May 23, 1946, conveyed to Sophia Cokenias, a straw party for appellant. On May 31, 1946, she conveyed to appellant. On August 29, 1946, appellant gave notice of cancellation, but failed to make the required payment. On December 9, 1946, appellant sent another notice of cancellation and in due time tendered the proper sum, which was refused. Three monthly instalments of rent were regularly paid by appellee before the first notice. Payments were continued through March, 1947. All were accepted by appellant.

On April 8, 1947, appellant filed suit for possession in the Municipal Court, based upon the second notice. It contended that as a bona fide purchaser it could cancel at any time. The court held that the lease gave appellant the right to cancel within a reasonable time after purchase and that the notice of December 9th fell within such time. An appeal was taken to the Municipal Court of Appeals. That court rejected the contention of appellant and the ruling of the trial court and reversed the case. It construed the lease as limiting a purchaser's privilege of cancellation to the time of acquiring title or at least prior to any act which recognized the existence and continuation of the tenancy. The court said that [54 A.2d 857, 858] "Upon acquiring title the new owner had the right to recognize the lease and accept the tenant or to give notice of cancellation. The purchaser could take the property subject to the lease or subject to cancellation of the lease but he could not do both." The question is important. It has never been before this court. Therefore, a review was granted.

We agree with the appellate court. Its conclusion stems from the purpose of a cancellation clause hinging upon a sale of property burdened with a lease. The manifest purpose is to promote its salability for the mutual benefit of owner and purchaser. The owner can more easily sell; the purchaser can continue the lease and receive the rents; have possession for his own use, or make a better rental. Cooper v. Gambill, 146 Ala. 184, 186, 40 So. 827; Gostin v. Needle, 185 Md. 634, 45 A.2d 772, 774, 163 A.L.R. 1013; Gates v. Norton, 228 Ill.App. 96, 99. These objects are fully attained by an option to cancel the lease coincident with a sale and transfer of the property.

We view the cancellation clause to mean that the lessor (owner), whether the original lessor or a "successor in title," may sell the property "at any time." If a sale is made before December 31, 1941, he may cancel the lease effective upon expiration of the exempted period. After that, the lessor, whether the original or "successor in title," may also sell the property "at any time." If he does so, he may avail of the option to cancel. But the right of a

"successor in title" to cancel cannot survive action upon his part which recognizes and accepts the lessee as his tenant. This interpretation effectuates the underlying purpose of the cancellation clause. It gives fair and reasonable scope to the terms thereof, including the phrases "successor in title" and "at any time," upon which appellant lays so much stress. It is in harmony with the decided cases, which with singular accord reject the idea that clauses of this nature confer an unlimited right of cancellation in case the contingency arises. Cleveland Wrecking Co. v. Aetna Oil Co., 287 Ky. 542, 154 S.W.2d 31, 137 A.L.R. 352; Fallek v. Cramer, Mo.App., 191 S.W.2d 375; Gates v. Norton, supra. The New York courts have frequently dealt with the subject. We cite only a few cases. Butler & Herman Co. v. Meth, Sup., 122 N.Y.S. 271; Krim Realty Co. v. Varvori, 97 Misc. 407, 161 N.Y.S. 229; also the very recent case of 112 East 36th Street Holding Corp. v. Daffos, Ind.Sup., 78 N.Y.S.2d 31, where the facts appear quite similar to the instant case.

The decisions often rest upon the theory of waiver of the option to cancel when a purchaser by his actions accepts the lessee as his tenant. This would be so by unconditional acceptance of the rent. Butler & Herman Co. v. Meth, supra; Hotel Dauphin Inc. v. Remey, Sup., 53 N.Y.S.2d 301; Cleveland Wrecking Co. v. Aetna Oil Co., supra.

Many cases also hold, and we think rightly so, that after a purchaser takes title to property and accepts rent, thus establishing the relationship of landlord and tenant, he passes from the status of purchaser to that of lessor and is restricted to the rights of lessor under the lease. Butler & Herman Co. v. Meth, supra; Hotel Dauphin Inc. v. Remey, supra; Krim Realty Co. v. Varvori, supra; Fallek v. Cramer, supra; Gates v. Norton, supra.

In the present case the appellee by paying the rent attorned to the appellant. The latter by receiving the payments without reservation acknowledged the tenancy and waived its right to cancel as a sucessor in title to the prior lessor-owner. By thus accepting the lease appellant became the les-

*sor* thereunder. Indeed, appellant in its notice of cancellation insisted that it was the *landlord*. As lessor its right to cancel was limited to the terms of the lease relating to the *lessor*. Those terms gave the option to cancel only in event of a sale of the property by the *lessor*.

Affirmed.